IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

WUILDER GUERRA LEON,                    )
                                        )
        Petitioner,                     )
                                        )
    v.                                  )        1:25-cv-1634 (LMB/WEF)
                                        )
KRISTI NOEM et al.,                     )
                                        )
        Respondents.                    )

<u>ORDER</u>

Petitioner Wuilder Guerra Leon ("Leon"), an alleged native and citizen of Guatemala, has

filed a three-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in

which he asserts that he has been illegally detained by the U.S. Department of Homeland

Security's ("DHS") Immigration and Customs Enforcement ("ICE") since September 26, 2025.

Specifically, he alleges that his characterization by DHS as an "applicant for admission"

pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C.

§ 1225(b)(2), violates the Immigration and Nationality Act ("INA") (Count I); his statutory right

to a bond determination hearing pursuant to 8 U.S.C. § 1226(a) (Count II); and his due process

rights (Count III).

Leon is currently detained at the Farmville Detention Center, which is within this Court's

jurisdiction and the basis upon which he is suing Jeffrey Crawford, the warden of the Farmville

Dentention Center.  Leon has also sued Kristi Noem, the DHS Secretary; Todd M. Lyons, the

Acting Director of ICE; Russell Holt, ICE Washington Field Office's Enforcement and Removal

Operations Director; and Pamela Bondi, the Attorney General (collectively "the federal

respondents"). For the reasons discussed in this Order, the Court finds that Leon is detained

pursuant to 8 U.S.C. § 1226(a).  Accordingly, his Petition will be granted as to Count III, and the respondents will be ordered to release him from custody and provide him with a bond hearing before an Immigration Judge ("IJ") pursuant to 8 U.S.C. § 1226(a).[1]

## I.

Leon has resided in the United States since September 2008, and lives in Hyattsville, Maryland, with his wife and child. [Dkt. No. 1] at ¶ 33. His nine-year-old child is a U.S. citizen, Leon has "no criminal history in the United States," and has worked with the same employer for 13 years. [Dkt. No. 6] at 1.

On or about September 26, 2025, at around 10:00 AM, Leon was "arrested by ICE agents who stopped him while he was driving his company truck in Washington, D.C." [Dkt. No. 1] at ¶ 35. ICE alleges that Leon was encountered during a "traffic stop after illegally operating a commercial vehicle on a prohibited road." [Dkt. No. 10-1] ¶ 7. Leon was subsequently detained and placed into immigration custody at the Farmville Detention Center. [Dkt. No. 1] ¶ 36. On September 26, 2025, Leon was issued a Notice to Appear ("NTA"),[2] which charged him with being inadmissible to the United States—and therefore subject to removal—pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) and 1182(a)(7)(A)(i)(I). [Dkt. No. 10-1] at 3. On October 2, 2025, Leon filed a Form EOIR-42B, Application for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents, with the immigration court. Id. Leon was scheduled for an initial master calendar hearing on October 8, 2025 before the immigration court in Annandale,

---

[1] Because the Court is granting relief on due process grounds, it need not address Leon's arguments based on the INA or the bond regulations.

[2] A Notice to Appear is a "[c]harging document" that "initiates a proceeding before an Immigration Judge." 8 C.F.R. § 1003.13.

Virginia. Id. Since he was detained, ICE has not set bond, and Leon has not been scheduled for a bond hearing before an IJ. [See Dkt. No. 1] at ¶ 38.

Leon filed his Petition for Writ of Habeas Corpus on September 29, 2025. [Dkt. No. 1]. This Court subsequently entered an Order requiring that Leon not "be removed or transferred from this district for any reason without this Court's permission." [Dkt. No. 2]. On September 30, 2025, Leon filed a Proposed Release Plan, which shows a fixed home address in Hyattsville, Maryland, where he will reside if released. [See Dkt. Nos. 6-7]. Included in Leon's Proposed Release Plan is an affidavit from his wife, who affirmed Leon's "good moral character" and confirmed that "he is neither a risk of flight nor a danger to the community." [Dkt. No. 6] at 1. The federal respondents filed an opposition. [Dkt. No. 10]. Finding that oral argument will not aid in the decisional process, the Petition will be resolved on the papers submitted.

II.

The central question posed in Leon's Petition is whether he is subject to mandatory detention under § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under § 1226(a).[3] The federal respondents contend that Leon's detention is governed by § 1225(b)(2). They maintain that whether an individual is detained under § 1225(b) or § 1226(a) lies in the "distinction between aliens who are detained after a lawful admission into the U.S. and those who are present without a lawful admission." [Dkt. No. 10] at 8. According to the federal respondents, anyone in the United States who has not been admitted is subject to mandatory

---

[3] The federal respondents argue that 8 U.S.C. §§ 1252(b)(9) and 1252(g) divest this court of jurisdiction to review the legality of Leon's detention. [Dkt. No. 10] at 6–7. These jurisdictional arguments are the exact arguments this Court rejected in Hasan v. Crawford, 2025 WL 2682255, at *3–4 (E.D. Va. Sept. 19, 2025). For all of the reasons stated in Hasan, this Court finds that it possesses jurisdiction to entertain Leon's Petition to the extent he challenges the constitutionality of his detention.

detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. Id. at 8-9. Therefore, they argue that because Leon has not been admitted "as a legal matter" into the United States, he is inadmissible under 8 U.S.C. § 1182(a), considered to be an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). Id. at 12.

This argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[4] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. See Romero v. Hyde, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have an extremely limited (if any) application." Lopez Benitez v. Francis, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025). This Court has previously addressed several of these points in Hasan v. Crawford, 2025 WL

---

[4] See, e.g., Gomes v. Hyde, 2025 WL 1869299 (D. Mass. July 7, 2025); Martinez v. Hyde, 2025 WL 2084238 (D. Mass. July 24, 2025); Lopez Benitez v. Francis, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); Maldonado v. Olson, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); Arrazola-Gonzalez v. Noem, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); J.O.E. v. Bondi, 2025 WL 2466670 (D. Minn. Aug. 27, 2025); Jacinto v. Trump, 2025 WL 2402271 (D. Neb. Aug. 19, 2025); Samb v. Joyce, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); Dos Santos v. Noem, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); Garcia Jimenez v. Kramer, 2025 WL 2374223 (D. Neb. Aug. 14, 2025); Anicasio v. Kramer, 2025 WL 2374224 (D. Neb. Aug. 14, 2025); Rosado v. Figueroa, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025); Orellana Juarez v. Moniz, 2025 WL 1698600 (D. Mass. June 11, 2025); Hernandez Nieves v. Kaiser, 2025 WL 2533110 (N.D. Cal. Sept. 3, 2025); Vasquez Garcia v. Noem, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); Carmona-Lorenzo v. Trump, 2025 WL 2531521 (D. Neb. Sept. 3, 2025); Lopez-Campos v. Raycroft, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); Kostak v. Trump, 2025 WL 2472136 (W.D. La. Aug. 27, 2025).

2682255 (E.D. Va. Sept. 19, 2025), and maintains and incorporates that reasoning into this Order.

Because Leon has been present in the United States since 2008, and because § 1226(a) sets forth "the default rule" for detaining and removing aliens "already present in the United States," Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), Leon's detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an IJ, in which the IJ must determine whether he poses a danger to the community, and whether he is a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless the IJ makes such a determination, Leon's continued detention is unlawful.

III.

For all the reasons stated above, Leon's Petition [Dkt. No. 1] is GRANTED, and it is hereby

ORDERED that Leon be released from custody, with all his personal property, pending his bond hearing before an IJ. Leon must live at the fixed address identified in his Proposed Release Plan and appear at the bond hearing once the government notifies him of its date, time, and location; and it is further

ORDERED that respondents provide Leon with a standard bond hearing before an IJ pursuant to 8 U.S.C. § 1226(a) within 14 days of the date of this Order; and it is further

ORDERED that respondents are ENJOINED from denying bond to Leon on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that respondents file a status report with this Court within 3 days of the bond hearing, stating whether Leon has been granted bond, and, if his request for bond was denied, the reasons for that denial.

5

The Clerk is directed to enter judgment in Leon's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, cancel the hearing scheduled for October 10, 2025, and close this civil action.

Entered this 8ᵗʰ day of October, 2025.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

6